IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 3039 B STREET ASSOCIATES, INC., et al., | : | CIVIL ACTION NO. 09-1079 |
| Plaintiffs, | : | |
| v. | : | |
| LEXINGTON INSURANCE COMPANY, | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            August 27, 2010

Before the Court is a motion for reconsideration filed by Plaintiffs 3039 B Street Associates, Inc. and Gianni Bignetti ("Plaintiffs") and Defendant Lexington Insurance Company's ("Defendant") response in opposition thereto. For the reasons that follow, Plaintiffs' motion for reconsideration will be granted in part and denied in part.

I. **BACKGROUND**

On February 17, 2009, Plaintiffs initiated this action against Defendant, alleging breach of insurance contract (the "Policy") and bad faith claims based on Defendant's refusal to pay for damages sustained when a frozen sprinkler pipe burst at

Plaintiffs' place of business (the "Premises"), causing a flood.[1]

Defendant paid the undisputed flooding damages and moved for summary judgment on Plaintiffs' remaining bad faith claims seeking dismissal on the following grounds: (1) its investigation of Plaintiffs' claim was proper and reasonable; (2) Plaintiffs were paid the undisputed amount; (3) pursuant to the Policy's appraisal provision, the parties agreed to resolve continuing damages disputes through appraisal, which have since been paid; and (4) Plaintiffs cannot prove their remaining bad faith claims under either New York or Pennsylvania law.

In response, Plaintiffs alleged that Defendant acted in bad faith by improperly delaying payment on Plaintiffs' insurance claim by conducting a long-term investigation into whether Plaintiffs failed to heat the premises, which may have caused or contributed to the pipe burst.  Specifically, Plaintiffs argued that Defendant engaged in the following bad faith conduct: (1) withholding payment on the Policy for an unreasonable length of time; and (2) knowingly and recklessly disregarding a reasonable basis to pay real and personal property damages after frozen water caused the sprinkler pipe to explode in their commercial real estate property.

---

[1] Jurisdiction for this action is predication upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiffs are Pennsylvania citizens and Defendant is a citizen of New York.

On May 3, 2010, the Court granted Defendant's motion for summary judgment as to Plaintiffs' bad faith insurance claims. See Court Mem. Op., dated May 3, 2010.

On May 14, 2010, Plaintiffs filed a motion for reconsideration, pursuant Local R. 7.1(g) and Fed. R. Civ. P. 60(b), and to vacate the Court's May 3, 2010 Order (doc. no. 68). Defendant filed its motion in opposition on May 27, 2010 (doc. no. 69).[2]

## II. LEGAL STANDARD

A motion for reconsideration is treated as the "functional equivalent" of a motion pursuant to Rule 59(e) which seeks to alter or amend a judgment. Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986) (internal citation omitted). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Co. V. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Reconsideration is appropriate where the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was

---

[2] Plaintiffs moved to withdraw their reply, following Defendant's opposition to Plaintiffs' improper filing of a reply without leave of court. See doc. no. 73 (moving to withdraw docket numbers 70 and 72).

not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); United States v. Cabiness, 278 F. Supp. 2d 478. 483-84 (E.D. Pa. 2003) (Robreno, J.).  Further, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III. ANALYSIS**

In the motion for reconsideration, Plaintiffs raise the following eight issues in support of their motion:

- Issue 1: 'Heat in the Building was a False Issue in the Claim';

- Issue 2: 'Lexington Never Paid 3039B A $50,000 Advance';

- Issue 3: 'Violations of the UIPA are Evidence of Bad Faith';

- Issue 4: 'Did Defendant Delay its Communications with Plaintiffs? Is Not an Issue in this Case';

- Issue 5: 'The Unjustified Delay in the Adjustment';

- Issue 6: 'Lexington Failed to Produce a Key Document Despite Being Requested to do so By the Insureds';

- Issue 7: 'The Proofs of Loss Submitted by Plaintiffs

-4-

>                   were Proper and Did Contain the Necessary
>                   Documentation';
>
>     Issue 8:    'The Proofs of Loss Submitted by Plaintiffs
>                   were Proper and Did Contain the Necessary
>                   Documentation'.

<u>See</u> Pls. Mot. Reconsideration 4-10.

In its response, Defendant maintains that Plaintiffs' motion does not meet the legal standard necessary to warrant reconsideration as Plaintiffs: (1) do not argue there was a change in controlling law; (2) do not argue that new evidence was found; (3) have not demonstrated a clear error of fact or law, or manifest injustice; (4) and "cannot establish an error in the decision by advancing new arguments."

The Court will address the issues below.

### A. <u>Additional Arguments Not Previously Addressed by Plaintiffs</u>

"Motions for reconsideration 'may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" <u>Kerns v. Drexel Univ.</u>, 2008 U.S. Dist. LEXIS 82062, at *2 (E.D. Pa. Oct. 15, 2008) (citing <u>Johnson v. Diamond State Port Corp.</u>, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990))). "Mere dissatisfaction with the Court's ruling is not the basis for such a reconsideration, nor can such a motion be used as a means to put forth additional arguments which could have been made but

which the party neglected to make." Rock v. Voshell, No. 05-1468, 2005 U.S. Dist. LEXIS 36942, at *1 (E.D. Pa. Dec. 29, 2005).

### 1. Issue 1: Heat in the Building was a False Issue in the Claim

In their bad faith claim and subsequent pleadings, Plaintiffs argued Defendant improperly delayed its investigation to determine whether Plaintiffs contributed to the cause of the flood by failing to heat the premises resulting in a burst pipe. Plaintiffs provided the above laundry list of acts to support their contention that Defendant failed to either properly investigate or timely investigate their claims.

Plaintiffs may not now assert the new argument that Defendant acted in bad faith by conducting an investigation ab initio. As such, the Court will not reconsider the issue.

### 2. Issue 3: Violations of the UIPA are Evidence of Bad Faith

Where Plaintiffs raise this new argument for the first time in their motion for reconsideration, the Court will deem it forfeited.[3] Further, as the Court already considered the merits

---

[3] Although the terms "forfeiture" and "waiver" are ordinarily used interchangeably, each has a distinct legal meaning. In United States v. Dupree, the Third Circuit noted that "[w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" 2010 U.S. App. LEXIS 16310, at *8 n.1 (3d Cir. Aug. 6, 2010) (citing United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation omitted)).

The Court need not decide whether Plaintiffs forfeited

-6-

of the alleged acts of Defendant's bad faith that Plaintiffs raised in their pleadings, this argument is redundant and does not impact the legal conclusions reached in this case. As such, the Court will not reconsider the issue.

> 3. <u>Issue 4</u>: <u>Did Defendant Delay its Communications with Plaintiffs? Is Not an Issue in this Case</u>

The Court finds that Plaintiffs may not assert the new argument that Defendant's delay in communications with Plaintiffs was not at issue in this case.

In applying the factors set forth in <u>Polselli v. Nationwide Mut. Fire Ins. Co.</u> to determine whether Plaintiffs demonstrated Defendant's alleged bad faith conduct by "clear and convincing" evidence, the Court specifically distinguished Plaintiffs' claims from <u>Polselli</u> as to the issue of an insurer's delayed communication. 1995 U.S. Dist. LEXIS 10173 (E.D. Pa. July 20, 1995) (finding that, on remand, the plaintiff demonstrated defendant's bad faith conduct by "clear and convincing evidence" as the evidence was "so 'clear, direct, weighty, and convincing' . . . the court [was able] to make its decision with 'a clear conviction'").

Specifically, in its Memorandum, the Court stated that

---

or waived their rights as the distinction has no legal impact in this case. For the sake of clarity, however, the Court will refer to the failure to assert an argument on a timely basis as forfeiture.

where the Polselli court considered the fact that the defendant delayed its communications with the plaintiff as one factor in determining defendant acted in bad faith, here that was not the case as "the parties were in close communication from the date they [Plaintiffs] submitted their claim." See 3039 B St. Assocs. v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 43550, at *21-22 (E.D. Pa. May 3, 2010) (Robreno, J.).

As such, the Court will not reconsider the issue.

### 4. Issue 6: Lexington Failed to Produce a Key Document Despite Being Requested to do so By the Insureds

Where the discovery period ended on September 17, 2009 (see Court Schd. Order, doc. no. 25) and Plaintiffs failed to raise the issue of the missing document prior to their motion for reconsideration, the Court will not reconsider this issue.

### 5. Issue 7: The Proofs of Loss Submitted by Plaintiffs were Proper and Did Contain the Necessary Documentation

The Court referenced the documentation submitted by Plaintiffs as evidence of Plaintiffs' failure to provide Defendant with timely, accurate documentation as to the cause of loss, thus contributing to the delay of the investigation.

Motions for reconsideration "may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Kennedy Indus. v. Aparo, 2006 U.S. Dist. LEXIS 46075, at *4 (E.D. Pa. July 6, 2006)

(citing Ciena, Corp. v. Corvis, Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

As such, the Court will not reconsider this issue.

### 6. Issue 8: The Proofs of Loss Submitted by Plaintiffs were Proper and Did Contain the Necessary Documentation

Here, Plaintiffs' counsel contends that he "mistakenly filled out the second proof of loss stating vandalism was the cause of loss" and that the error was corrected in the next proof of loss.

For the reasons stated above (see § II(B)(1)(e)), the Court will not reconsider this issue.

## B. Need to Correct a Clear Error of Law or Fact, or Prevent Manifest Injustice

Here, Plaintiffs do not argue that the Court should reconsider its opinion due to "(1) an intervening change in the controlling law; [or] (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]." Max's Seafood Cafe, 176 F.3d at 677. As such, the Court will consider all of Plaintiffs' argument to arise under the third category that may support a motion for reconsideration: "the need to correct a clear error of law or fact or prevent manifest injustice." Id.

### 1. Issue 2: Lexington Never Paid 3039B A $50,000 Advance

The Court recognizes that the statements in the May 3,

2010 Memorandum, that "[o]n April 10, 2008, Cheney [Defendant's second adjuster] sent Plaintiffs a $50,000 advance . . ." and "[e]ight days later, while the investigation was still at an early stage, Defendant advanced Plaintiffs $50,000 on account of the claim[,]" are in error. However, while the Court referred to the payment by Defendant of a $50,000 advance to Plaintiffs in the May 3, 2010 Memorandum, it was not one of the four primary factors the Court relied upon in finding that Defendant did not act in bad faith by conducting an investigation of the Premises to determine the cause of the loss. See 3039 B St. Assocs., 2010 U.S. Dist. LEXIS 43550, at *26-30.

The Court's holding rested on the following findings: (1) Plaintiffs failed to fully provide Defendant with timely or accurate information material to satisfaction of their claim; (2) settlement negotiations never took place and therefore this factor was not applicable; (3) Defendant engaged in frequent and regular communications with Plaintiffs; and (4) Defendant had good response time with respect to investigating Plaintiffs' claims. See id. ("Further, despite attempts by Defendant to obtain necessary documentation confirming that the premises were heated, Plaintiffs either failed to provide the requisite information or provided deficient and/or conflicting documentation."). In fact, Plaintiffs themselves acknowledged that they first provided Defendant with a claim for damages based

on flooding, yet later filed a claim for damages resulting from vandalism, and then again reverted back to filing a claim for damages due to flooding. See Pls. Opp'n Ex. P-28 at "4". Under these circumstances, the Court concluded that Plaintiffs failed to "show that a jury could find by 'the stringent level of clear and convincing evidence,' that the insurer lacked a reasonable basis for its handling of the claim and that it recklessly disregarded its unreasonableness." 3039 B St. Assocs., 2010 U.S. Dist. LEXIS 43550, at *16 (quoting Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994)).

Additionally, in their bad faith claim and subsequent pleadings, Plaintiffs failed to argue that Defendant acted in bad faith by failing to make advance payments on the policy. As such, this new line of argument is untimely.

Therefore, the statements in the May 3, 2010 Memorandum, that Defendant sent Plaintiffs a $50,000 advance payment, will be stricken. Instead, the corrected version of facts, which will be inserted in the Amended Memorandum, will read as follows: (1) "[o]n April 10, 2008, Cheney stated that he would forward Plaintiffs' advance payment request to Defendant and that Plaintiffs' statement of loss of $681,173.81 was subject to investigation" (see Pls.' Supp. Resp. P-28 at "16"); and (2) "[o]n July 7, 2009, upon completion of the investigation, Defendant sent Plaintiffs a payment for $78,511.84, the amount of

the undisputed loss" (see Buckley Aff., doc. no. 53, Ex. 44).

Since the Court's error in referring to a $50,000 advance payment from Defendant to Plaintiffs has no impact on the legal conclusions reached in this case, the motion for reconsideration will be denied. See e.g., Somerset Indus. v. Lexington Ins. Co., 639 F. Supp. 2d 532, 544 n.12 (E.D. Pa. 2009) (". . . considering Lexington's delayed and unanswered requests for information, Lexington's delay in denying the advance payment was not without reasonable cause"); Perschau v. USF Ins. Co., 1999 U.S. Dist. LEXIS 3334, at *12 n.6 (E.D. Pa. March 22, 1999) (holding that plaintiff "failed to demonstrate with clear and convincing evidence that USF acted in bad faith by not paying a portion of the loss prior to the appraisal") (citing Polselli, 1995 U.S. Dist. LEXIS 10173).

    2.   Issue 5:  The Unjustified Delay in the Adjustment

In its motion for reconsideration, Plaintiffs argue that where Defendant's Policy had no requirement for the Premises to be heated, the investigation was commenced and improperly continued without contacting Plaintiffs' maintenance employee in bad faith.

Plaintiffs have already raised, and the Court has already considered, whether Defendant's conduct through the investigation met the bad faith standard under 42 Pa. C.S. § 8371. "A motion for reconsideration may not be used to give a

litigant a 'second bite at the apple.'" Kennedy Indus. v. Aparo, 2006 U.S. Dist. LEXIS 46075, at *4 (E.D. Pa. July 6, 2006) (citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)). As such, the Court will not reconsider this argument.

**IV. CONCLUSION**

Where the Court committed a factual error (i.e., Defendant did not advance $50,000 to Plaintiffs on account of their insurance claim), but where the legal conclusions reached by the Court are not impacted by the error, Plaintiffs' motion for reconsideration will be granted in part and denied in part.

The motion for reconsideration will be granted to the extent that the factual error stating that Defendant advanced Plaintiffs $50,000 upon request in April 2008 will be corrected in the Amended Memorandum issued on this date, and will be denied in all other respects.

An appropriate order follows.